# Michael Faillace & Associates, P.C.

Employment and Litigation Attorneys

60 East 42nd Street, Suite 4510                                         Telephone: (212) 317-1200
New York, New York 10165                                               Facsimile: (212) 317-1620

October 4, 2018

**VIA ECF**

Hon. Cheryl Pollak
United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

                                 **Re:**     *Alegria Santana v. Los Limones Grocery Corp. et al.*
                                                                Case No. 17-cv-5264-FB-CLP

Your Honor:

       This office represents Plaintiff Jose Miguel Alegria Santana ("Plaintiff Santana") in the above-referenced matter. We submit this letter, together with Defendants' counsel, to respectfully request that the Court approve the settlement reached between Plaintiff Santana and Defendants Los Limones Grocery Corp. and Nicholas Estevez (the "Defendants," and together with Plaintiff, the "Settling Parties").

       The Settling Parties have agreed to a negotiated Settlement Agreement (the "Agreement") after extensive discussions and a settlement conference before your Honor. The proposed Agreement is attached hereto as **Exhibit A.** We therefore ask the Court to approve the settlement, pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

       The Settling Parties represent to the Court that while the Plaintiff Santana believes that the settlement amount is less than what he would be entitled to if he prevailed at trial, the settlements are nevertheless fair, as discussed herein.

**Background**

       Plaintiff Santana was employed by Defendants as a deli worker at a Deli located at 1330 Halsey St, Brooklyn, NY 11237 owned by Defendants.

       Plaintiff Santana was employed by Defendants from approximately January 4, 2014 until on or about late February 17, 2017. From approximately January 2014 until on or about late November 2016, Plaintiff Santana alleged that he worked approximately 58.5 hours per week. Throughout December 2016 Plaintiff Santana alleged that he worked approximately 70.75 hours per week. Throughout January 2017, Plaintiff Santana alleged that he worked approximately 66.75 hours per week. From approximately February 1, 2017 until on or about February 17, 2017, Plaintiff Santana alleged that he worked approximately 54.5 hours per week. Throughout his employment with Defendants, Plaintiff Santana was paid his wages by cash.

Hon. Cheryl Pollak
October 5, 2018
Page 2 of 5

From approximately January 2014 until on or about November 2016, Defendants allegedly paid Plaintiff Santana a fixed salary of approximately $540 per week. Throughout December 2016, Defendants allegedly paid Plaintiff Santana a fixed salary of approximately $620 per week. Throughout January 2017, Defendants allegedly paid Plaintiff Santana a fixed salary of approximately $660 per week. From approximately February 1, 2017 until on or about February 17, 2017, Defendants allegedly paid Plaintiff Santana a fixed salary of approximately $580 per week.

Plaintiff Santana therefore brought this action seeking to recover unpaid minimum wages, overtime wages, spread of hours, liquidated damages, interest, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. ("FLSA"), the New York Minimum Wage Act, N.Y. Lab. Law §§ 650, *et seq*., and overtime wage orders of the New York Commission of Labor codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6.

Defendants deny Plaintiff's allegations. Specifically, Defendants maintain that Plaintiff worked approximately 52.5 hours per week throughout his entire period of employment and was paid on an hourly basis (including overtime) which worked out to a set weekly rate based on his schedule. When Plaintiff was required to work additional hours (e.g., to cover another employee's shift or due to an emergency), he was paid additional wages. Defendants explicitly deny that Plaintiff was paid a set weekly salary which covered his first 40 hours worked each week.

In addition, Defendants filed an action against Plaintiff for alleged theft of lottery tickets entitled Los Limones Grocery Corp. v. Santana, 516106/2018 (NYS Supreme Court, Kings County) ("NYS Action"). The causes of action asserted in the NYS Action included, *inter alia*, a claim for violation the faithless servant doctrine which would have resulted in a forfeiture of the underlying wage claims at issue here.See Calderon et al. v. Mullarkey Realty, LLC, et al., 2018 U.S. Dist. LEXIS 97224 (E.D.N.Y. 2018)(J. Chen)(dismissing plaintiff's underlying FLSA and NYLL claims for unpaid wages for entire relevant period where a New York State Supreme Court jury in a related matter returned a verdict that plaintiff was a "faithless servant" required to disgorge all compensation from the first date of disloyalty). Settlement of the instant matter also accounted for a mutual release of Defendants claims in the NYS Action.

After weighing the risks of trial and costs of further litigation (including the litigation of the NYS Action), the Settling Parties have reached an agreement at an early stage.

**Settlement**

The Settling Parties have agreed to resolve this action for the total sum of $50,000.00 which will be paid as outlined in **Exhibit A**. Plaintiff Santana alleges he is entitled to back wages of approximately $62,451. Plaintiff estimates that had he recovered in full for his claims, he would be entitled to approximately $143,176.69, which represents calculated actual damages, penalties, and interest, but excludes attorneys' fees and costs. Defendants maintain that their worst-case scenario (i.e. Plaintiff worked 52.5 hours per week and was paid a salary for all hours worked) resulted in an underpayment of approximately $12,000 for the entire period (plus liquidated

Hon. Cheryl Pollak
October 5, 2018
Page 3 of 5

damages, etc.). The parties have agreed to settle this action for the total sum of $50,000, to be paid over a period of nine months. A copy of Plaintiff's damages chart, breaking down each amount sought from Defendants, is attached as "**Exhibit B**."

The full sum of the settlement amount will be paid to Plaintiff Santana's attorneys, who will be solely responsible for distributing the settlement amount to the Plaintiff directly after deductions of counsel fees and costs.

There is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F.Supp.2d 362, 365 (S.D.N.Y. 2013) (*quoting* Crabtree v. Volkert, Inc., 2013 WL 593500, at *3 (S.D.Ala. Feb. 14, 2013)). "In considering whether a settlement is fair and reasonable, the principal question is 'whether the agreement reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Id.* (*quoting* Le v. SITA Info. Networking Computing USA, Inc., 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008)). Courts consider factors including "(1) the Plaintiff's range of possible recovery; (2) the extent to which 'the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses'; (3) the seriousness of the litigation risks faced by the parties; (4) whether 'the settlement agreement is the product of arm's-length bargaining between experienced counsel'; and (5) the possibility of fraud or collusion." Wolinsky, 900 F.Supp.2d at 225 (*quoting* Medley v. Am. Cancer Soc., No. 10-cv-3214 (BSJ), 2010 WL 3000028, at *1 (S.D.N.Y. July 23, 2010)).

The agreement here is fair to the Plaintiff Santana. Plaintiff has been represented by counsel throughout this lawsuit and has made an informed decision to settle the action prior to trial, after two in-person settlement conferences with the Court as well as Defendants' filing of a separate state lawsuit, without incurring further costs or encumbrance of lengthy litigation. The Fifty Thousand Dollars ($50,000.00) that Plaintiff Santana will be receiving accounts for any alleged unpaid minimum and overtime wages that he could have potentially recovered at trial, as well as attorneys' fees. Furthermore, the Agreement is the product of arm's-length bargaining between experienced counsel and there is no possibility of fraud or collusion.

### **Plaintiff Santana's Attorneys' Fees are Fair and Reasonable**

Under the settlement, Plaintiff Santana's counsel will receive $16,666.67, slightly more than the amount of their attorneys' fees and costs. This represents a reduction in fees from what is identified in the Plaintiff Santana's retainer agreements, which provides that forty percent of the Plaintiff Santana's recovery will be retained by the firm.

The amount provided to the Plaintiff Santana's counsel under the settlement is fair and reasonable as it is consistent with the range of fees typically awarded in cases in this Circuit. *See* Castaneda v. My Belly's Playlist LLC, No. 15 Civ. 1324 (JCF) (S.D.N.Y. Aug. 17, 2015) (Francis, M.J.) (awarding the plaintiffs' attorneys a contingency fee of one-third to account for risks in litigation); *see also* Calle v. Elite Specialty Coatings Plus, Inc., 2014 U.S. Dist. LEXIS 164069 at *9 (E.D.N.Y. Nov. 19, 2014) ("A one-third contingency fee is a commonly accepted fee in this Circuit"). In light of the nature of the issues herein, and the extensive negotiations necessary to

Hon. Cheryl Pollak
October 5, 2018
Page 4 of 5

reach the agreed-upon settlement, Plaintiffs' requested award is reasonable. *See* Alleyne v. Time Moving & Storage Inc., 264 F.R.D. at 60; *see also* McDaniel v. Cnty. of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010).

Given Plaintiff Santana's counsel's significant experience representing plaintiffs in New York City in wage and hour litigation, Plaintiff Ochoa's counsel was able to obtain a favorable pre-trial result due to the Settling Parties' cooperative exchange of information and frequent negotiations.

Attached hereto as **Exhibit C**, are Plaintiff's amended attorneys' time records. A brief biography of each attorney who performed billed work in this matter is as follows:

Mr. Faillace is the Managing Member of Michael Faillace & Associates, P.C, and has been in practice since 1983. From 1983 to 2000, he was in-house Employment Counsel with International Business Machines Corporation (IBM). Mr. Faillace taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School from 1995 to 1998, and is a nationally-renowned speaker and writer on employment law. He also is the author of the ADA, Disability Law Deskbook: The Americans with Disabilities Act in the Workplace, published by Practicing Law Institute (PLI), and other employment law publications and presentations.

Sara Isaacson is an associate at Michael Faillace & Associates, P.C. She graduated from Benjamin N. Cardozo School of Law in 2015. During law school, Ms. Isaacson worked as a law clerk at the employment firm of Virginia & Ambinder, LLP. After graduating law school, Ms. Isaacson worked at a commercial litigation firm which also specialized in the defense of wage and hour litigation. Since joining Michael Faillace & Associates, P.C. in May 2017, she has been responsible for all aspects of the firm's employment docket in federal court.

Paul Hershan is an associate at Michael Faillace & Associates, P.C. He graduated from Fordham University School of Law in 2012. Following law school, he gained extensive trial and appellate litigation experience in the field of criminal law. Paul served as an Assistant District Attorney with the Bronx County District Attorney's Office for three years, then practiced primarily in the area of criminal defense before joining Michael Faillace & Associates, P.C. in April of 2018.

The requested attorneys' fees and costs in the parties' settlement are reasonable under the circumstances and Plaintiff Santana has agreed to these fees and costs by agreeing to the settlement amount. As a result, the fees should be approved.

## **Conclusion**

Plaintiff Santana has been represented by counsel throughout this lawsuit, and Plaintiff Santana's counsel has agreed to the settlement amount based on the approval of his client. Plaintiff Santana's interests have thus been adequately safeguarded.

Hon. Cheryl Pollak
October 5, 2018
Page 5 of 5

   In full consideration of the issues presented in *Cheeks,* we believe that the Settling Parties' agreement is fair and reasonable, and that the settlement should be approved. A Stipulation of Final Dismissal will be filed for so-ordering after execution of the agreement and upon receipt of confirmation from the Court that the settlement has been approved.

   Thank you for your consideration in this matter.

             Respectfully Submitted,

             /s/ Michael Faillace
             Michael Faillace, Esq.
             Michael Faillace & Associates, P.C.
             *Attorneys for Plaintiff*

cc:  Matthew Brown, Esq. (via ECF)
    Joseph Labuda, Esq. (via ECF)
    *Attorney for Defendants*