## SETTLEMENT AGREEMENT

This Agreement and Release ("Agreement") sets forth the mutual understanding between Jose Miguel Alegria Santana, Los Limones Grocery Corp. (D/B/A Los Limones Deli) and Nicholas Estevez regarding Jose Miguel Alegria Santanan's employment and the settlement of his FLSA claims he has or may have against Los Limones Grocery Corp. (D/B/A Los Limones Deli) and Nicholas Estevez.

**WHEREAS**, Jose Miguel Alegria Santana ("Plaintiff") has filed a case against Los Limones Grocery Corp. (D/B/A Los Limones Deli) and Nicholas Estevez ("Defendants") in the United States District Court, Eastern District of New York, entitled <u>Jose Miguel Alegria Santana v. Los Limones Grocery Corp. (D/B/A Los Limones Deli) and Nicholas Estevez</u>, Docket No.: 17-cv-05264 (the "Action").

**WHEREAS,** Defendants have denied all claims alleged in the Action;

**WHEREAS**, Defendants filed a lawsuit in Kings County Supreme Court on July 10, 2018, Index No. 514106/2018 against Plaintiff for breach of fiduciary duty, breach of duty of loyalty, violation of the faithless servant doctrine, and unjust enrichment (the "State Lawsuit");

**WHEREAS**, Plaintiff Santana denies the allegations set forth in the State Lawsuit; and

**WHEREAS,** the parties to the Action mutually desire to settle and resolve all claims, disputes and differences between them, on the terms and conditions hereinafter set forth;

**NOW, THEREFORE,** in consideration of the mutual promises contained in this Agreement, the parties to the Action, each having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

1. **Commitments.** In exchange for the promises set forth in paragraph "3" below, Plaintiff agrees to submit a motion for approval by the Court of this Agreement and execute all documents that may be needed to settle, waive, dismiss and withdraw, with prejudice, all claims under the Fair Labor Standards Act that Plaintiff has or may have in the future through the date of execution of this Agreement; Defendants are prohibited from effectuating service of the State Lawsuit and shall cause the State Lawsuit to be dismissed, with prejudice, within seven (7) days of approval of this Agreement.  Failure by Defendants to cause the State Lawsuit to be dismissed will constitute a breach of the Agreement.

**2. Limited Release of All Fair Labor Standards Act Claims by Plaintiff.**

(a) <u>Release of Fair Labor Standards Acts Claims</u>.  Plaintiff knowingly and voluntarily releases and forever discharges Defendants of and from any and all claims under the Fair Labor Standards Act ("FLSA"), whether known or unknown, asserted or unasserted, arising up to and as of the date of the execution of this Agreement, which Plaintiff has or may have against Defendants, and also covenants not to file any claim or suit alleging a violation of the FLSA.

(b) <u>Collective/Class Action Waiver</u>. Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a wage claim in which Defendants are a party. In the event any class or collective action is brought against Defendants for unpaid wages, which includes or may include Plaintiff, upon learning of Plaintiff's inclusion, Plaintiff immediately shall withdraw therefrom without obtaining or accepting any relief or recovery.

(c) Plaintiff acknowledges that he may discover facts or law different from, or in addition to, the facts or law he knows or believes to exist with respect to his released claims. He agrees, nonetheless, that this Agreement and the release contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or law.

### 3. Consideration.

(a) In exchange for the promises made herein by Plaintiff and subject to the United States District Court Eastern District of New York's (the "Court") approval of this Agreement, Defendants in the Action agree to pay to Plaintiff and his attorney the gross total sum of $45,500(the "Payment") as follows:

(i) Five Thousand and Fifty Five Dollars and Fifty Five Cents ($5,055.55) to be paid in eight (8) monthly installments and one (1) final monthly installment of Five Thousand and Fifty Five Dollars and Sixty Cents ($5,055.60), the first installment payment to be paid within thirty (30) days of the Court's final approval of this Settlement Agreement. The breakdown of the Settlement Funds shall be: $1,685.00 to Michael Faillace & Associates, P.C., and $3,370.55 to Jose Miguel Alegria Santana per installment but for the final installment where Jose Miguel Alegria Santana shall receive $3,370.60.

Each installment shall be due on the 30th of the following month, commencing in the month following the date the Court approves this Agreement.

(b) The foregoing checks shall be mailed to Plaintiff's counsel, Michael Faillace & Associates, P.C.

(c) The Payment is in consideration of a complete settlement, release and waiver of all claims under the FLSA, known or unknown, asserted or unasserted, that Plaintiff may have against Defendants.

(d) Plaintiff further agrees that he shall be responsible for payment of all personal taxes that may be due as a result of the Payment. Plaintiff understands and agrees that no representation is made by or on behalf of the Company regarding tax obligations or consequences that may arise from this Agreement. Further, Plaintiff agrees to indemnify and hold harmless Defendants from and against all liens, liabilities, interest, and penalties that may be assessed against or incurred by it as a result of not deducting taxes or other withholdings or satisfying any liens or judgments against Plaintiff on the Payment.

(e) In the event that the Defendants default in payment of any of the Settlement Funds as set forth in this Paragraph, Plaintiff shall provide a written "Cure Notice" to the Defendants' attorneys via e-mail. The Defendants shall have ten (10) calendar days ("Cure Period") from receipt of the written "Cure Notice" by Defendants' attorneys to remit the payment. The failure of Defendants to cure the missed scheduled payment within the prescribed cure period shall entitle Plaintiff to apply for a default judgment before the United States District Court for the Eastern District of New York against any and all Defendants without further notice for the accelerated amount of Forty Five Thousand Five Hundred Dollars ($45,500.00), which sum represents the full amount of the settlement herein, minus any payments made by Defendants until the date of default. Furthermore, in the event of default, Plaintiff will be entitled to seek reasonable attorney's fees, costs, and costs of collection.

(f) Defendants will issue a 1099 form to Plaintiff's Counsel, and disbursed to Plaintiff, covering all Settlement Funds, and Plaintiff and Plaintiff's counsel shall be solely responsible for any taxes owed on the sum they receive on this Agreement.

### 4. Settlement Approval.

Plaintiff shall file a motion seeking the Court's approval of this agreement. This agreement is contingent upon the Court's approval of this settlement agreement and dismissal of all of Plaintiff's claims, with prejudice.

**5. Non-Admission of Wrongdoing.** Defendants deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in the pleadings, proceeding, document or statement whatsoever by or on behalf of Plaintiff against Defendants. Neither the making of this Agreement nor anything contained herein shall be construed or considered in any way to be an admission by Defendants of guilt or noncompliance with the Fair Labor Standards Act.

**6. Resolution of Disputes.** Any controversy or claim relating to this Agreement, as well as any other claim or dispute between or among the parties, shall be resolved in a proceeding held in and before a New York court by a judge sitting without a jury, to ensure rapid adjudication of any such claims and proper application of existing law.

**7. No Waiver.**  Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

**8. Section Headings.** Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

### 9. Entire Agreement.

(a) This Agreement represents the complete understanding among the Parties with respect to all claims under the FLSA that Plaintiff has or may assert against Defendants and shall be interpreted under New York law, without regard to its conflict or choice of laws provisions;

(b) This Agreement is the product of mutual negotiations among the parties with the assistance of counsel and shall not be construed against any party as the primary author of the Agreement; and

(c) Plaintiff acknowledges that he has not relied on any representation, promise, or agreement of any kind made to him in connection with his decision to accept this Agreement, except for those set forth in this Agreement.

**10. Competence to Waive Claims.** Plaintiff is competent to affect a knowing and voluntary release of all of his FLSA claims, as contained herein, and to enter into this Agreement and is not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired to the extent that he lacks a clear and complete understanding of this Agreement. Plaintiff is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle his FLSA claims, to waive all claims and to indemnify Defendants from any claims by or relating to Plaintiff.

**11. Plaintiff's Representations.**

(a) Plaintiff understands and agrees that he has been advised to consult with an attorney before signing this Agreement.

(b) Plaintiff understands and agrees that he has been advised that he has seven (7) days after signing this Agreement to change his mind and to revoke this Agreement. Plaintiff understands and agrees that if he exercises this right to revoke this Agreement within seven (7) days after signing it, as provided above, all provisions in this Agreement shall be null and void and the contents of this Agreement may not be used by either party for any purpose. If Plaintiff should decide to revoke this Agreement, such revocation must be in writing and personally delivered to Matthew A. Brown, Esq., Milman Labuda Law Group PLLC, 3000 Marcus Avenue, Suite 3W8, Lake Success, New York 11042 or mailed to Matthew A. Brown, Esq., Milman Labuda Law Group PLLC, 3000 Marcus Avenue, Suite 3W8, Lake Success, New York 11042 by certified mail – return receipt requested and postmarked within seven (7) days of the execution of this Agreement. This Agreement shall not be effective or enforceable until the revocation period has expired.

12. **Execution.**

(a) The meaning, effect and terms of this Agreement have been fully explained to Plaintiff by his counsel, Michael Faillace & Associates, P.C. Plaintiff fully understands that this Agreement releases, settles, bars and waives any and all claims that he could possibly have against Defendants under the FLSA. Plaintiff selected his counsel voluntarily;

      (b) Plaintiff confirms he has not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Defendants to execute this Agreement; and,

      (c) This Agreement may be executed in counterparts and each counterpart shall, for all purposes, be deemed to be an original and in full force and effect and all such counterparts shall together constitute one and the same document. A signed .pdf copy shall, for all purposes, be deemed an original and in full force and effect. However, the Agreement will not be binding on Defendants until after authorized agents of the Company execute the Agreement and the Agreement is approved by the Court.

    **HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 3 ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL FLSA CLAIMS HE HAS OR MIGHT HAVE AGAINST DEFENDANTS.**

    IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: 09-25, 2018  By: _/s/ Jose Miguel Alegria_
             Jose Miguel Alegria Santana

            LOS LIMONES GROCERY CORP. (D/B/A LOS LIMONES DELI)

Dated: _____, 2018  By: _____

Dated: _____, 2018    _____
            Nicholas Estevez, Individually

5

(b)   Plaintiff confirms he has not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Defendants to execute this Agreement; and,

(c)   This Agreement may be executed in counterparts and each counterpart shall, for all purposes, be deemed to be an original and in full force and effect and all such counterparts shall together constitute one and the same document. A signed .pdf copy shall, for all purposes, be deemed an original and in full force and effect. However, the Agreement will not be binding on Defendants until after authorized agents of the Company execute the Agreement and the Agreement is approved by the Court.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 3 ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL FLSA CLAIMS HE HAS OR MIGHT HAVE AGAINST DEFENDANTS.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: _____, 2018    By: _____
                                      Jose Miguel Alegria Santana

                                 LOS LIMONES GROCERY CORP. (D/B/A LOS LIMONES DELI)

Dated: 9/26/, 2018               By: _Nicholas Estevez_

Dated: 9/26, 2018                   _____
                                      Nicholas Estévez, Individually

5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JOSE MIGUEL ALEGRIA SANTANA,      Docket No.: 17-CV-5264(SLT)(CLP)
*individually and on behalf of others similarly situated*,

                      Plaintiff,        **STIPULATION OF DISCONTINUANCE**

     -against-

LOS LIMONES GROCERY CORP. (D/B/A
LOS LIMONES DELI), and NICHOLAS
ESTEVEZ,

                      Defendants.
------------------------------------------------------------------X

IT IS HEREBY STIPULATED that this action has been discontinued and is hereby dismissed with prejudice, without costs to any party against any other, except that the court shall retain jurisdiction for purposes of enforcing the settlement. This Stipulation may be filed with the Court without further notice to any party.

Dated: September __, 2018

_____
Michael A. Faillace, Esq.
Paul Hershan, Esq.
Michael Faillace & Associates, P.C.
Attorneys for Plaintiff
60 East 42nd Street, Suite 4510
New York, NY 10165

_____
Joseph M. Labuda, Esq.
Matthew A. Brown, Esq.
Milman Labuda Law Group PLLC
Attorneys for Defendants
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042

SO ORDERED:

_____
Honorable Cheryl Pollak, U.S.M.J.

6

## CONFIDENTIAL NEGOTIATED SETTLEMENT AGREEMENT AND GENERAL RELEASE

This Confidential Agreement and Release ("Agreement") sets forth the mutual understanding between Jose Miguel Alegria Santana, Los Limones Grocery Corp. (D/B/A Los Limones Deli) and Nicholas Estevez regarding Jose Miguel Alegria Santanan's employment and the settlement of his claims (excluding FLSA claims) he has or may have against Los Limones Grocery Corp. (D/B/A Los Limones Deli) and Nicholas Estevez.

**WHEREAS**, Jose Miguel Alegria Santana ("Plaintiff") has filed a case against Los Limones Grocery Corp. (D/B/A Los Limones Deli) and Nicholas Estevez ("Defendants") in the United States District Court, Eastern District of New York, entitled Jose Miguel Alegria Santana v. Los Limones Grocery Corp. (D/B/A Los Limones Deli) and Nicholas Estevez, Docket No.: 17-cv-05264 (the "Action").

**WHEREAS**, Defendants have denied all claims alleged in the Action;

**WHEREAS**, Defendants filed a lawsuit in Kings County Supreme Court on July 10, 2018, Index No. 514106/2018 against Plaintiff for breach of fiduciary duty, breach of duty of loyalty, violation of the faithless servant doctrine, and unjust enrichment (the "State Lawsuit");

**WHEREAS**, Plaintiff Santana denies the allegations set forth in the State Lawsuit; and **WHEREAS**, the parties to the Action mutually desire to settle and resolve all claims, disputes and differences between them, on the terms and conditions hereinafter set forth;

**NOW, THEREFORE**, in consideration of the mutual promises contained in this Agreement, the parties to the Action, each having been represented by counsel, have independently concluded that it is in their respective best interests to do so, agree as follows:

1. **Commitments.** In exchange for the promises set forth in paragraph "3" below, the parties agree as follows:

    (a) Plaintiff, Defendants and their counsel will execute all documents that may be needed to settle, waive, dismiss and withdraw, with prejudice, any and all claims of every and any kind, whether known or unknown, asserted or unasserted, that the parties have or may have against Defendants relative to any matter of any kind whatsoever existing or which could exist as of the date of the execution of this Agreement. No claim between the parties shall survive this Agreement;

    (b) Defendants are prohibited from effectuating service of the State Lawsuit and shall cause the State Lawsuit to be dismissed, with prejudice, within seven (7) days of approval of this Agreement. Failure by Defendants to cause the State Lawsuit to be dismissed will constitute a breach of this Agreement.

Plaintiff affirms that, as of his execution of this Agreement, he has not filed or caused to be filed any claim of any kind and is not a party to any claim against Defendants except for the Action

2. **Releases of Claims.**

(a) General Release of Claims. Plaintiff knowingly and voluntarily releases and forever discharges Defendants, of and from any and all claims of any kind or nature, whether known or unknown, asserted or unasserted, arising up to and as of the date of the execution of this Agreement, which Plaintiff has or may have against Defendants, and also covenants not to file any claim or suit and generally and fully waives all claims, including, but not limited to, the claims contained in his Complaint, and any alleged violation of:

- The Age Discrimination in Employment Act of 1967; Sections 1981 through 1988 of Title 42 of the United States Code;
- Title VII of the Civil Rights Act of 1964;
- The Employee Retirement Income Security Act of 1974;
- The Sarbanes-Oxley Act of 2002;
- The Immigration Reform and Control Act;
- The Americans with Disabilities Act of 1990;
- The National Labor Relations Act;
- The Equal Pay Act;
- The Workers Adjustment and Retraining Notification Act;
- The Occupational Safety and Health Act;
- The Fair Credit Reporting Act;
- The Family and Medical Leave Act of 1993;
- The False Claims Act;
- The New York Correction Law, including Sections 750-755 thereof;
- The New York State Executive Law (including its Human Rights Law);
- The New York City Human Rights Law;
- The New York State Labor Law;

2

- The New York False Claims Act;
- The New York wage, wage-payment, wage theft and wage-hour laws;
- Any local or county law, rule or requirement of any kind;
- Any other federal, state or local human rights, discrimination, retaliation, civil rights, benefits, pension, whistleblower, labor, *qui tam* or any other federal, state or local constitution, law, rule, regulation, or ordinance of any kind;
- Any benefit, payroll or other plan, policy or program;
- Any public policy, contract (whether oral or written, express or implied), tort (whether intentional, negligent or otherwise), or common law;
- Any amendments to the foregoing laws; and,
- Any claim for costs, fees, or other expenses, including, but not limited to, a claim for attorneys' fees or costs.

Defendants correspondingly waive any and all claims of any kind or nature Defendants may have against Plaintiff up to and as of the date of this Agreement.

(b) <u>Claims Not Released by Plaintiff.</u>  Plaintiff is not waiving any rights he may have to: (a) pursue claims which by law cannot be waived by signing this Agreement; and/or (b) enforce this Agreement. However, all monies paid hereunder shall be set off against any claim not barred by this Agreement.

(c) <u>Governmental Agencies.</u>  Nothing in this Agreement prohibits or prevents Plaintiff from filing a charge with or participating, testifying, or assisting in any investigation, hearing, whistleblower proceeding or other proceeding before any federal, state, or local government agency. However, to the maximum extent permitted by law, Plaintiff agrees that if such an administrative claim is made, he shall not be entitled to recover any individual monetary relief or other individual remedies (and all monies paid hereunder shall be a set-off against any relief or recovery).

(d) <u>Collective/Class Action Waiver.</u>  If any claim is not subject to a release, to the extent permitted by law, Plaintiff waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which Defendants is a party.  In the event any class or collective action is brought against Defendants, which includes or may include Plaintiff, upon learning of Plaintiff's inclusion, Plaintiff immediately shall withdraw therefrom without obtaining or accepting any relief or recovery.

(e) Plaintiff acknowledges that he may discover facts or law different from, or in addition to, the facts or law he knows or believes to exist with respect to a released

3

claim. He agrees, nonetheless, that this Agreement and the release contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or law.

### 3. Consideration.

(a) In exchange for the promises made herein by Plaintiff and subject to the United States District Court Eastern District of New York's approval of the settlement agreement concerning Plaintiff's Fair Labor Standards Act ("FLSA") claims asserted in the Action, Defendants agree to pay to Plaintiff and his attorney the gross total sum of $Four Thousand and Five Hundred Dollars ($4,500)[1] (the "Payment") as follows:

(b) The Payment shall be made thirty (30) days after the final installment payment pursuant to the settlement agreement between Plaintiff and Defendants for settlement of Plaintiff's FLSA claims. The breakdown of the Payment shall be $1,500.00 to Michael Faillace & Associates, P.C., and $3,000.00 to Jose Miguel Alegria Santana.

(c) The Payment is in consideration of a complete settlement, release and waiver of all claims (except those asserted under the FLSA), known or unknown, asserted or unasserted, that Plaintiff may have against Defendants.

(d) Plaintiff further agrees that he shall be responsible for payment of all personal taxes that may be due as a result of the Payment. Plaintiff understands and agrees that no representation is made by or on behalf of the Company regarding tax obligations or consequences that may arise from this Agreement. Further, Plaintiff agrees to indemnify and hold harmless Defendants from and against all liens, liabilities, interest, and penalties that may be assessed against or incurred by it as a result of not deducting taxes or other withholdings or satisfying any liens or judgments against Plaintiff on the Payment

(e) In the event that the Defendants fail to make any scheduled payment, Plaintiff shall provide a written "Cure Notice" to the Company's attorneys via e-mail. The Defendants shall have ten (10) calendar days ("Cure Period") from receipt of the written "Cure Notice" by Defendants' attorneys to remit the payment. The failure of Defendants to cure the missed scheduled payment within the prescribed cure period shall constitute a material breach and shall cause an immediate acceleration of the payment of the remaining Settlement Funds owed and not yet paid to Plaintiff.

(f) The Payment shall be paid to Michael Faillace & Associates, P.C. to the attention of Michael Faillace, Esq., 60 East 42nd Street, Suite 4510 New York, New York 10165, and disbursed to Plaintiff.

### 4. No Other Entitlement.

(a) Plaintiff further affirms that he: (i) has been paid and has received all compensation, wages, bonuses, commissions, benefits and/or other monies to which he was entitled from Defendants and that no leave (paid or unpaid), compensation, wages, or benefits are due to him

---

[1] This amount does not include amounts due to Plaintiff pursuant to the settlement agreement between the Plaintiff and Defendants for settlement of Plaintiff's Fair Labor Standards Act claims.

4

from Defendants; (ii) has been paid in full for all hours worked; and (iii) is not entitled to any monies, relief or recovery whatsoever, except as set forth in paragraph "3" of this Agreement.

(b) Plaintiff further affirms that he has no known workplace injury or occupational disease for which a claim for workers' compensation benefits could be made or an award of benefits could be issued against Defendants.

**5. Non-Admission of Wrongdoing.** Defendants deny each and every allegation of wrongdoing, including, but not limited to, the allegations and statements contained in the pleadings, proceeding, document or statement whatsoever by or on behalf of Plaintiff against Defendants. Neither the making of this Agreement nor anything contained herein shall be construed or considered in any way to be an admission by Defendants of guilt or noncompliance with any federal, state or local statute, order, regulation or ordinance, public policy, tort law, contract (whether oral or written, express or implied), common law, Defendants' policies, practices, benefit plans, compensation plans or procedures, or of any other wrongdoing whatsoever.

**6. Confidentiality.**

(a) Plaintiff shall not, except as compelled by law, publicize or disclose to any person any allegations of unlawful conduct by Defendants or the terms of this Agreement. This covenant of confidentiality is limited to the non-FLSA claims that are the subject of, this Agreement. Other than as required by law or governmental agency, no such disclosure will be made to anyone by Plaintiff other than to discuss the terms hereof with his current attorney Michael Faillace & Associates, P.C., spouse or tax advisor (all of whom must first agree not to make any disclosure Plaintiff himself could not make).

(b) Plaintiff affirms that, as of the date of execution hereof, he has not told any current or former employees of Defendants about the terms, conditions or amount to be paid under this Agreement and covenants not to do so.

(c) Plaintiff understands and agrees that any violation of this covenant of confidentiality, whether by Plaintiff or by an individual to whom limited disclosure is authorized pursuant to Paragraph 6(a), shall constitute a material breach of this Agreement, which will cause Defendants to suffer immediate, substantial and irreparable injury and which may be a sufficient basis for an award of injunctive relief and monetary damages (without affecting the remainder of this Agreement). If it is established that Plaintiff breached or caused any breach of this covenant of confidentiality by a court or arbitrator, Plaintiff will (i) forfeit any monies due (including monies already paid) hereunder; (ii) be liable for liquidated damages in the amount of fifty percent (50%) of the amount paid to Plaintiff hereunder or for all actual damages, whichever is greater; and (iii) reimburse Defendants for reasonable attorneys' fees and costs incurred enforcing this provision, (but Plaintiff shall remain bound by the general and unlimited release of all claims contained herein);

(d) In the event Plaintiff believes he is compelled by law to provide or disclose information described in this paragraph, notice of such request for disclosure shall be sent promptly (but in no event less than ten business days in advance of any disclosure), via email, to

5

counsel for Defendants at the following email addresses: joe@mllaborlaw.com; matt@mllaborlaw.com.

**7. Severability and Modification.** If any provision of this Agreement is declared illegal or unenforceable by any court, administrative agency or other entity, the court, administrative agency or other entity has the full authority to interpret or modify all such provisions to be enforceable and is directed to do so. If such interpretation or modification is not possible, such provision immediately shall become null and void, leaving the remainder of this Agreement in full force and effect. However, if the general and unlimited release of all claims contained herein is limited or held to be null and void, (i) this Agreement shall be interpreted to bar any claim Releasor may assert against Defendants; (ii) Plaintiff shall execute an enforceable general and unlimited release of all claims on behalf of Releasor against Defendants without receiving additional consideration. However, if (7)(i) and (ii) cannot be done, as a matter of law, then Plaintiff shall return, upon demand by Defendants, the Payment made hereunder, or, if return of the Payment is not permitted by law and any claim is found not to be settled, waived or barred for any reason, such gross amount shall be set-off completely against any settlement or recovery.

8. **Resolution of Disputes.** Any controversy or claim relating to this Agreement, as well as any other claim or dispute between or among the parties, shall be resolved in a proceeding held in and before a New York court by a judge sitting without a jury, to ensure rapid adjudication of any such claims and proper application of existing law.

9. **No Waiver.** Failure to insist on compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

10. **Section Headings.** Section headings are used herein for reference only and do not affect the meaning of any provision of this Agreement.

11. **Entire Agreement.**
(a) This Agreement represents the complete understanding among the Parties with respect to all claims except Plaintiff's Fair Labor Standards Act claims and shall be interpreted under New York law, without regard to its conflict or choice of laws provisions, to effect a full general and unlimited release of all actual or potential claims, whether known or unknown, that Plaintiff may have against Defendants;

(b) No other promises or agreements shall be binding (except for the separate settlement agreement concerning Plaintiff's claims under the Fair Labor Standards Act) or shall modify this Agreement. This Agreement can be modified only as provided in paragraph 7, above, or by a written document, signed by Plaintiff and an authorized representative or representatives of the Company, that recites the specific intent to modify this Agreement;

(c) This Agreement is the product of mutual negotiations among the parties with the assistance of counsel and shall not be construed against any party as the primary author of the Agreement; and

(d) Plaintiff acknowledges that he has not relied on any representation, promise, or agreement of any kind made to them in connection with their decision to accept this Agreement, except for those set forth in this Agreement.

12. **Non-Disparagement.** Plaintiff agrees to not defame, disparage or demean Defendants in any manner whatsoever. Plaintiff shall not make any statement or disclosure to anyone or any oral or written statement relating to Defendants, including, but not limited to, anything that is or could be seen as discriminatory, harassing, degrading or embarrassing to Defendants.

13. **Competence to Waive Claims.** Plaintiff is competent to affect a knowing and voluntary general and unlimited release of all claims, as contained herein, and to enter into this Agreement and is not affected or impaired by illness, use of alcohol, drugs, medication or other substances or otherwise impaired to the extent that he lacks a clear and complete understanding of this Agreement. Plaintiff is not a party to any bankruptcy, lien, creditor-debtor or other proceeding which would impair the right to settle all claims, to waive all claims and to indemnify Defendants from any claims by or relating to Plaintiff.

14. **Plaintiff's Representations.**

(a) Plaintiff understands and agrees that he has been advised to consult with an attorney before signing this Agreement.

(b) Plaintiff understands and agrees that he has been advised that he has seven (7) days after signing this Agreement to change his mind and to revoke this Agreement. Plaintiff understands and agrees that if he exercises this right to revoke this Agreement within seven (7) days after signing it, as provided above, all provisions in this Agreement shall be null and void and the contents of this Agreement may not be used by either party for any purpose. If Plaintiff should decide to revoke this Agreement, such revocation must be in writing and personally delivered to Matthew A. Brown, Esq., Milman Labuda Law Group PLLC, 3000 Marcus Avenue, Suite 3W8, Lake Success, New York 11042 or mailed to Matthew A. Brown, Esq., Milman Labuda Law Group PLLC, 3000 Marcus Avenue, Suite 3W8, Lake Success, New York 11042 by certified mail – return receipt requested and postmarked within seven (7) days of the execution of this Agreement. This Agreement shall not be effective or enforceable until the revocation period has expired.

**15. Execution.**

(a) The meaning, effect and terms of this Agreement have been fully explained to Plaintiff by his counsel, Michael Faillace & Associates, P.C. Plaintiff fully understands that this Agreement releases, settles, bars and waives any and all claims that he could possibly have against Defendants. Plaintiff selected his counsel voluntarily;

      (b)    Plaintiff confirms he has not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Defendants to execute this Agreement; and,

      (c)    This Agreement may be executed in counterparts and each counterpart shall, for all purposes, be deemed to be an original and in full force and effect and all such counterparts shall together constitute one and the same document. A signed .pdf copy shall, for all purposes, be deemed an original and in full force and effect. However, the Agreement will not be binding on Defendants, and Defendants will not be obligated to provide the Payment until after authorized agents of the Company execute the Agreement.

HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 3 ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST DEFENDANTS.

IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: 09-25, 2018    By: _/s/ Jose Miguel Alegria_
                                    Jose Miguel Alegria Santana

LOS LIMONES GROCERY CORP. (D/B/A LOS LIMONES DELI)

Dated: _____, 2018    By: _____

Dated: _____, 2018          _____
                                      Nicholas Estevez, Individually

    (b) Plaintiff confirms he has not been induced by any representation or promise that does not expressly and unequivocally appear in this Agreement or by any act or omission of Defendants to execute this Agreement; and,

    (c) This Agreement may be executed in counterparts and each counterpart shall, for all purposes, be deemed to be an original and in full force and effect and all such counterparts shall together constitute one and the same document. A signed .pdf copy shall, for all purposes, be deemed an original and in full force and effect. However, the Agreement will not be binding on Defendants, and Defendants will not be obligated to provide the Payment until after authorized agents of the Company execute the Agreement.

  **HAVING ELECTED TO EXECUTE THIS AGREEMENT, TO FULFILL THE PROMISES AND TO RECEIVE THE SUMS AND BENEFITS IN PARAGRAPH 3 ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST DEFENDANTS.**

  IN WITNESS WHEREOF, the parties hereto knowingly and voluntarily executed this Agreement as of the date set forth below:

Dated: _____, 2018  By: _____
             Jose Miguel Alegria Santana

            LOS LIMONES GROCERY CORP. (D/B/A LOS LIMONES DELI)

Dated: _____, 2018  By: _____

Dated: 9/18, 2018        Nicholas Estevez, Individually

8

**NEW YORK STATE SUPREME COURT**
**COUNTY OF KINGS**

---

**JOSE MIGUEL ALEGRIA SANTANA,**
*individually and on behalf of others similarly situated,*

                  Plaintiff,

-against-

**LOS LIMONES GROCERY CORP. (D/B/A LOS LIMONES DELI), and NICHOLAS ESTEVEZ,**

                  Defendants.

Index No. 17-CV-5264 (SLT)(CLP)

**AFFIDAVIT OF CONFESSION OF JUDGMENT**

---

STATE OF NEW YORK    )
                                 )S.S.
COUNTY OF KINGS     )

NICHOLAS ESTEVEZ, being duly sworn, deposes and says:

1. I, NICHOLAS ESTEVEZ, reside in Kings County, New York.

2. I have authority to sign on behalf of myself, on behalf of Los Limones Grocery Corp., and I am duly authorized to make this affidavit on my own, as well as on behalf of Los Limones Grocery Corp.

3. I, NICHOLAS ESTEVEZ, hereby confess judgment and authorize entry of judgment against Los Limones Grocery Corp., and myself, jointly and severally, in favor of Plaintiff for the sum of Fifty Thousand Dollars ($50,000.00 USD), , less any payments previously received pursuant to the terms of the (a) FLSA Settlement Agreement and General Release and (b) Confidential Negotiated Settlement Agreement and General Release, both dated September_____, 2018 (collectively the "Settlement Agreement"), signed by Plaintiff and Defendants in the above-captioned proceeding, together with statutory costs pursuant to 28 U.S.C.

§§ 1920, 1921, 1923, and 1924; interest pursuant to N.Y. C.P.L.R. § 5004; and reasonable attorneys' fees incurred in entering and enforcing the judgment pursuant to this Confession of Judgment.

4. This Confession of Judgment is for a debt justly due or to become due to Plaintiff pursuant to the Settlement Agreement, and Defendants' uncured default in payment under the Settlement Agreement.

5. I hereby represent my understanding that upon Defendants' uncured breach of the Settlement Agreement after receiving notice pursuant to the Settlement Agreement, and in accordance with the Settlement Agreement, this Confession of Judgment shall be docketed and entered as a judgment against me personally and against Los Limones Grocery Corp., jointly and severally.

6. I hereby authorize Plaintiff, or his heirs, executors, administrators, or assigns, to enter judgment against me, individually, and against Los Limones Grocery Corp., jointly and severally, for the above designated sum and interest accrued.

7. This Confession of Judgment shall remain in escrow and judgment shall not be entered unless and until there is an uncured default in any of the payments due under the Settlement Agreement, in accordance with the terms of the Settlement Agreement.

8. In accordance with the terms of the Settlement Agreement, if there is an uncured default in any of the payments due under the Settlement Agreement, I authorize entry of this confession of judgment in the New York State Supreme Court.

9. Judgment is not confessed with fraudulent intent or to protect my property from creditors.

10. Upon clearance of the final payment check due pursuant to the Settlement Agreement, this Confession of Judgment being held in escrow by Plaintiff's counsel will become

null and void, and Plaintiff's counsel will provide a statement that the settlement has been paid in full.

_____
NICHOLAS ESTEVEZ

09-26-18
Date

STATE OF NEW YORK    }
                     }S.S.
COUNTY OF KINGS      }

On Sep. 26, 2018, before me personally came NICHOLAS ESTEVEZ, to me known, and known to me to be the individual described in, and who executed the foregoing Affidavit of Confession of Judgment, for himself and on behalf of Los Limones Grocery Corp. and duly acknowledged to me that he executed the same.

_____
NOTARY PUBLIC

DOLORES B. BECERRA
Notary Public, State of New York
Reg. No. 01BE6080684
Qualified in Kings County
Commission Expires Sept. 23, 2022

09/26/18