UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JOSE MIGUEL ALEGRIA SANTANA,

                Plaintiff,

        -against-                         **MEMORANDUM AND ORDER**
                                                       17 CV 5264 (CLP)
LOS LIMONES GROCERY CORP. (d/b/a
Los Limones Deli), and NICHOLAS
ESTEVEZ,

                Defendants.
------------------------------------------------------------X

**POLLAK**, United States Magistrate Judge:

      On December 19, 2017, plaintiff Jose Miguel Alegria Santana ("plaintiff") commenced this action against defendants Los Limones Grocery Corp. and Nicholas Estevez ("defendants"), seeking unpaid minimum wages, overtime wages, and spread-of-hours pay pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., and the New York Labor Law ("NYLL") § 650 et seq., as well as for violations of the overtime wage orders of the New York Commission of Labor, codified at N.Y. Comp. Codes R. & Regs. tit. 12, § 146-1.6. The parties consented to the undersigned for all proceedings.

      On October 31, 2018, the parties appeared before this Court having reached a settlement of this matter, the terms of which were set forth on the record during the proceeding held before the Court to approve the Settlement Agreement as fair and reasonable under Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015), cert. denied, 136 S. Ct 824 (2016).

      For the reasons set forth in this Order, the Court approves the parties' settlement as fair and reasonable.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Santana alleges that he was employed as a deli worker for defendant Estevez, who owns a delicatessen in Brooklyn named "Los Limones Deli." (Compl.[1] ¶¶ 2, 3, 4). Plaintiff claims that he was employed from approximately January 4, 2014 until on or about February 17, 2017. (Id. ¶ 15). According to plaintiff, he regularly worked more than 40 hours per week, ranging from 54.5 hours per week up to 70.75 hours per week. (Id. ¶ 39; Ltr.[2] at 2). Regardless of the number of hours worked, he claims he received a fixed salary every week. (Compl. ¶ 49). For example, from approximately January 2014 until November 2016, plaintiff alleges that defendants paid him a fixed salary of approximately $540 per week. (Ltr. at 2). In December 2016, defendants allegedly raised plaintiff's rate of pay to a fixed salary of approximately $620 per week, and in January 2017, they raised it again to $660 per week. (Id.) Finally, from approximately February 1, 2017 until February 17, 2017, defendants allegedly paid plaintiff a fixed salary of approximately $580 per week. (Id.)

Plaintiff claims that he was entitled to $62,451 in back wages. (Ltr. at 2). If plaintiff recovered in full, he asserts he would be entitled to $143,176.69, covering actual damages, penalties, and interest, but excluding attorneys' fees and costs. (Id.) Defendants denied plaintiff's allegations, claiming that plaintiff worked approximately 52.5 hours per week throughout his employment and was paid on an hourly basis, including overtime. (Id.) At most, defendants assert that they owe plaintiff $12,000, excluding liquidated damages. (Id. at 2-3). Moreover, defendants filed an action against plaintiff in state court, alleging theft of lottery tickets in violation of the faithless servant doctrine. (Id. at 2).

---

[1] Citations to "Compl." refer to plaintiff's Complaint, filed on September 7, 2017, ECF No. 1.
[2] Citations to "Ltr." refer to plaintiff's letter, filed on October 4, 2018.

2

After attending two settlement conferences, the parties reached a settlement for a total of $50,000, of which plaintiff would receive $33,333.33. (Id. at 2-3). Of the $50,000, $45,500 will be paid pursuant to the FLSA Settlement Agreement. (See Sett. Agr.³ ¶ 3(a)). The remaining $4,500 will be paid pursuant to a separate Confidential Agreement and Release that deals with all other claims besides plaintiff's FLSA claims. (See Conf. Agr.⁴ ¶ 3(a)). In addition, the agreement reached by the parties resolves the state court action filed by defendants.⁵ (Ltr. at 2). For the reasons set forth below, the Court approves the settlement agreement as fair and reasonable.

## DISCUSSION

I. <u>Legal Standards</u>

In considering whether to approve an FLSA settlement, courts consider whether the agreement "reflects a reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching." <u>Le v. Sita Info. Networking Computing USA, Inc.</u>, No. 07 CV 86, 2008 U.S. Dist. LEXIS 46174, at *1-2 (E.D.N.Y. June 12, 2008); accord <u>Lynn's Food Stores, Inc. v. United States</u>, 679 F.2d 1350, 1354 (11th Cir. 1982) (holding that where an FLSA settlement is a reasonable compromise, the settlement should be approved to "promote the policy of encouraging settlement of litigation"). Courts have

---

³ Citations to "Sett. Agr." refer to the Settlement Agreement, filed by plaintiff on October 4, 2018.
⁴ Citations to "Conf. Agr." refer to the Confidential Negotiated Settlement Agreement and General Release, filed by plaintiff on October 4, 2018.
⁵ At the Fairness Hearing, the parties also indicated that the agreement resolves the motion for attorneys' fees, filed by defendants on June 22, 2018. (See Motion for Attorney Fees, June 22, 2018, ECF No. 24).

3

identified several factors to consider when determining whether a proposed settlement is fair and reasonable, including:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012) (citations omitted); see also Cohetero v. Stone & Tile, Inc., No. 16 CV 4420, 2018 WL 565717, at *2-3 (E.D.N.Y. Jan. 25, 2018) (endorsing the factors from Wolinsky).

II. Settlement Amount

The parties propose a total settlement amount of $50,000, of which plaintiff is to receive $33,333.33. (Ltr. at 3). The parties agreed that the payments would be made over the course of nine months. (Id.) Counsel's firm is to recover one-third of the total settlement amount in attorneys' fees, which totals $16,66.67. (Id.) Plaintiff's counsel explains that this amount is slightly more than their lodestar amount—which totaled $12,954.00—but less than the forty percent provided for in the retainer agreements. (Id. at 3).

With respect to the terms of the agreement, the Court notes that after it raised concerns about the release provision of the Settlement Agreement at the Fairness Hearing, the parties revised the provision, which now makes clear that the release of claims only pertains to those claims plaintiff had under the FLSA, "whether known or unknown, asserted or unasserted. . . ." (Revised Sett. Agr.[6] ¶ 2(a)).

---

[6] Citations to "Revised Sett. Agr." refer to the Revised Settlement Agreement, filed by plaintiff on November 2, 2018.

4

In this case, after holding a fairness hearing and reviewing the parties' submission, the Court finds that the settlement reached is a fair and reasonable compromise of the plaintiff's claims, considering the amount received, the issues of potential liability that might have limited recovery, and the fact that the parties engaged in arms' length negotiations among experienced counsel sufficient to gain an understanding of the risks and benefits of proceeding with the litigation. Cf. Wolinsky v. Scholastic, Inc., 900 F. Supp. 2d at 335 (examining the factors courts consider when approving FLSA settlement agreements).

The parties shall file a stipulation of dismissal with prejudice by December 7, 2018.

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
November 6, 2018

/s/ Cheryl L. Pollak

Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York